**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 10, 2013

No. 12-50724
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN CARLOS ALVAREZ -VALENCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-1707-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Juan Carlos Alvarez-Valencia pleaded guilty to illegal reentry. The district court sentenced him to a term of 77 months in prison, the bottom of the advisory range. Alvarez-Valencia appeals, contending that his punishment is excessive. We affirm.

Alvarez-Valencia's sentence of 77 months is entitled to a presumption of reasonableness. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). As Alvarez-Valencia concedes, his argument that the presumption does not apply

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because § 2L1.2 of the Sentencing Guidelines is flawed, is foreclosed. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

He contends that the sentence failed to take into account that some of his crimes occurred 10 years in the past, that his behavior was nonviolent, that illegal reentry is equivalent to the crime of trespass, and that he lived in the United States for most of his life. The district court specifically rejected these arguments based on a credibility determination after seeing and hearing the defendant. *See Gall v. United States*, 552 U.S. 38, 51 (2007). We find no reason to conclude that the sentence is unreasonable for these reasons.

We turn next to Alvarez-Valencia's claim that his sentence is not reasonable because § 2L1.2 is not the product of the Sentencing Commission's use of empirical data and national experience and results in double counting of prior convictions. *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007), gives courts discretion to deviate from the Guidelines based on such considerations, but it does not require that they do so. *United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009). As for the double-counting argument, the use of a conviction for determining both the offense level and criminal history score does not necessarily render a sentence unreasonable. *See id.*

Alvarez-Valencia has failed to overcome the presumption that his within-guidelines sentence is reasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.